FILED'08 APR 18 10:28USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT WAYNE PADGETT,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Civil No. 05-1707-PA
⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JEAN HILL,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀OPINION AND ORDER
⠀⠀⠀⠀⠀Respondent.⠀⠀⠀⠀)

⠀⠀⠀Anthony D. Bornstein
⠀⠀⠀Assistant Federal Public Defender
⠀⠀⠀101 S.W. Main Street, Suite 1700
⠀⠀⠀Portland, Oregon 97204

⠀⠀⠀⠀⠀⠀Attorney for Petitioner

⠀⠀⠀Hardy Myers
⠀⠀⠀Attorney General
⠀⠀⠀Susan R. Gerber
⠀⠀⠀Assistant Attorney General
⠀⠀⠀Department of Justice
⠀⠀⠀1162 Court Street NE
⠀⠀⠀Salem, Oregon 97310

⠀⠀⠀⠀⠀⠀Attorneys for Respondent

///

⠀⠀1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of several underlying state court convictions on the basis that he suffered from ineffective assistance of trial counsel.  For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#42) is denied.

## BACKGROUND

Petitioner was involved as the driver in a murder-for-hire plot to kill the wife of his co-worker.  Petitioner's accomplice attempted to murder the victim with a ligature and a firearm, but was unable to do so.  As a result of his participation in the crime, petitioner agreed to enter into a stipulated facts trial at which he was found guilty of Conspiracy to Commit Aggravated Murder, Felon in Possession of a Firearm, Assault in the First Degree (two counts), and Attempted Aggravated Murder (two counts). Trial Tr. (8/6/99), p. 132.  The trial court sentenced him to a total consecutive sentence of 240 months in prison.

Petitioner directly appealed his convictions, and the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review.  *State v. Padgett*, 178 Or.App. 635, 39 P.3d 293, *rev. denied*, 334 Or. 411, 52 P.3d 436 (2002).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims.  The Oregon Court of Appeals dismissed petitioner's

appeal as untimely, and the Oregon Supreme Court denied review. Respondent's Exhibits 175, 177.

Petitioner filed his Amended Petition for Writ of Habeas Corpus in this case on March 6, 2008 in which he alleges that his trial attorney was constitutionally ineffective when he failed to:

1.  Ensure that petitioner's decision to enter into a stipulated facts trial was knowingly and voluntarily made;

2.  Adequately advise petitioner concerning his available defense, and misled him regarding the actual consequences of his decision to waive his right to a jury trial and enter into the stipulation of facts; and

3.  Thoroughly investigate and prepare his defense.

Amended Petition (#41), p. 3.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to present any of his claims to the state courts, and they are now procedurally defaulted; and (2) the state court decisions are entitled to deference.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to

3 - OPINION AND ORDER

the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, respondent asserts that none of petitioner's claims were presented to the PCR trial court, and that none of his claims were considered on appeal. Assuming that the claims at

4 - OPINION AND ORDER

issue in this case were adequately raised in the PCR Petition, petitioner failed to fairly present his claims to the Oregon Court of Appeals and the Oregon Supreme Court.

ORS 138.650 required petitioner to file his notice of appeal within 30 days of the finality of the PCR trial court's decision. The PCR trial ended when judgment was entered on January 21, 2005, but petitioner sent his notice of appeal to the Malheur County Circuit Court, not the Oregon Court of Appeals. The Circuit Court forwarded that document to the Oregon Court of Appeals where the document was filed on March 4, 2005. On March 22, 2005, the Oregon Court of Appeals dismissed the appeal as untimely pursuant to ORS 138.650, noting that "[t]he notice of appeal was filed more than 30 days after the judgment was entered in the trial court register." Respondent's Exhibit 173.

Petitioner asked the Oregon Court of Appeals to reconsider its decision, noting that he had delivered his notice of appeal to prison authorities for mailing on February 5, 2008, thereby complying with Oregon's prison mailbox rule codified at ORAP 1.35(4):

> With respect to a person confined in an institution of confinement who files and serves a thing in the appellate court, the thing shall be deemed filed in the appellate court and served on another person when the original of the thing and the appropriate number of copies are delivered, in a form suitable for mailing, to the person or place designated by the institution for handling outgoing mail.

5 - OPINION AND ORDER

To support his Motion for Reconsideration, petitioner presented the Oregon Court of Appeals with a copy of a prison log which showed that he sent four documents out on February 8, 2005 to the "T.C.A." the "S.G." and the "O.C.A." Respondent's Exhibit 174. Petitioner asserted that the "O.C.A." entry referred to the Oregon Court of Appeals.

On July 19, 2005, the Oregon Court of Appeals granted petitioner's Motion for Reconsideration, but affirmed it's Order of Dismissal. The Oregon Court of Appeals' Order reads, in relevant part, as follows:

> The evidence about the court to which appellant mailed the notice of appeal is conflicting. On the one hand, although the notice of appeal contains a certificate of mailing showing that appellant mailed service copies of the notice of appeal to the adverse party, the trial court administrator, and the transcript coordinator, the notice of appeal does not contain a certificate of mailing showing where appellant mailed the original notice of appeal. On the other hand, appellant has submitted an institution log tending to show that on February 8, 2005, he delivered to prison officials for mailing an item of mail intended for delivery to "O.C.A.". The court infers from that "O.C.A." refers to the Oregon Court of Appeals.

> ORS 19.240(3) requires that notice[s] of appeal be filed with the Court of Appeals and, as noted above, the Court of Appeals received the notice of appeal beyond the 30-day appeal period. Therefore, the notice of appeal is untimely unless appellant can rely on the date of mailing from the correctional institution as the date of filing, **but appellant can rely on that date only if the envelope containing the notice of appeal was addressed to the Court of Appeals.**

> The court finds that it is more likely than not that, notwithstanding the institutional log suggesting otherwise, the envelope containing the notice of appeal

6 - OPINION AND ORDER

was addressed to the Malheur County Circuit Court and not
to the Court of Appeals.  The court makes that finding
because, regardless of what the institution log showed,
the U.S. Postal Service would have delivered the envelope
to the addressee shown on the envelope.  The court infers
from the fact that the Malheur County Circuit Court
received the notice of appeal that the envelope
containing the notice of appeal was addressed to the
Malheur County Circuit Court.

On reconsideration, the order of dismissal is
affirmed.

Respondent's Exhibit 175 (emphasis added).

It is clear from this record that the Oregon Court of Appeals

did not consider the merits of petitioner's ineffective assistance

of counsel claims.  Petitioner argues that although his claims were

presented to the appellate court in a procedural context in which

their merits were not considered, this federal habeas court should

nevertheless reach the merits of those claims because the statute

of limitations is not an "adequate" state bar.

A federal court is precluded from reviewing the merits of a

claim when the state court has denied relief on the basis of an

independent and adequate state procedural rule.  *Coleman v.*

*Thompson*, 501 U.S. 722, 731-732 (1991); *Vansickel v. White*, 166

F.3d 953, 957 (9th Cir. 1999).  A state procedural rule constitutes

an "independent" bar if it is not interwoven with federal law or

dependent upon a federal constitutional ruling.  *Ake v. Oklahoma*,

470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th

Cir. 2001).

7 - OPINION AND ORDER

"A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court." *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)). The fact that "the application of a rule requires the exercise of judicial discretion does not render the rule inadequate to support a state decision." *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996). Judicial discretion is not equivalent to inconsistency where "the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits." *Id.*

The 30-day statute of limitations relating to appeals in Oregon is not interwoven with federal law, and was firmly established and regularly followed at the time the Oregon Court of Appeals applied it to petitioner's case. Petitioner does not argue otherwise, but nevertheless asks the court to conclude that the state procedural bar should not be followed because he effectively and substantially complied with the State's rules, and the application of the state procedural bar would result in an injustice if applied to this case. To support his argument, petitioner directs the court to *Lee v. Kemna*, 534 U.S. 362 (2002).

In *Lee*, the Supreme Court concluded that there are "exceptional cases in which exorbitant application of a generally

8 - OPINION AND ORDER

sound rule renders the state ground inadequate to stop consideration of a federal question." *Id* at 376. In *Lee*, the petitioner moved for a continuance on the last day of his murder trial when his alibi witnesses left the courtroom without explanation. The trial judge denied the motion, stating that he was going to be in the hospital with his daughter the following day, and that he had another trial scheduled following his daughter's hospitalization.

When petitioner Lee appealed the denial of his motion for a continuance, the Missouri Court of Appeals concluded that the motion failed to comply with two Missouri Supreme Court Rules requiring the motion be in writing and meet specific requirements in order to gain a continuance based on the absence of his witnesses. The U.S. Supreme Court concluded that the state procedural bar was not applicable for a combination of three reasons: (1) the trial judge's stated reason for denying the motion could not have been remedied by a "perfect motion for continuance"; (2) the Missouri courts had never confronted a similar situation in the past; and (3) petitioner Lee had, given the "realities of trial," substantially complied with the rules at issue. *Id* at 381-383.

The reasoning of *Lee* does not compel a finding that Oregon's appellate statute of limitations bar is inadequate as applied to this case. Simply put, petitioner seeks to circumvent the well-

9 - OPINION AND ORDER

established and consistently applied 30-day statute of limitations because he claims that he sent his notice of appeal to the Oregon Court of Appeals in a properly addressed envelope. The Oregon Court of Appeals' factual finding that petitioner failed to properly address the envelope containing his notice of appeal is presumed to be correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Petitioner is unable to offer any such evidence (*i.e.*, the original envelope) in this proceeding.

Even if this court were not bound by this state court factual finding, it similarly finds that petitioner sent his notice of appeal to the wrong court, thereby forfeiting the protection of Oregon's prison mailbox rule. The most compelling evidence to support this finding is the U.S. Postal Service's delivery of the notice of appeal to the Circuit Court. Where a petitioner does not properly address his legal documents, he cannot claim that the state procedural bar applied to him as a result of his error renders the bar inadequate.

The Oregon Court of Appeals applied an independent and adequate state bar to petitioner's case when it dismissed the action as untimely. Accordingly, petitioner failed to fairly present his claims to the Oregon Court of Appeals and the Oregon Supreme Court. As the time for doing so passed long ago, the claims are procedurally defaulted, and the default is not excused

10 - OPINION AND ORDER

either by cause and prejudice, or by a colorable showing of actual innocence.

As the court resolves this action on the basis of procedural default, and as the existing record in this case is sufficient to do so, petitioner's request for an evidentiary hearing is denied. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#42) is DENIED.

IT IS SO ORDERED.

DATED this __'7__ day of April, 2008.

Owen M. Panner
United States District Judge

11 - OPINION AND ORDER